IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CATHERINE FALLON                    :
                                    :
vs.                                 :
                                    :
LIBERTY MUTUAL GROUP                :        NO. 2:12-cv-05459
                                    :

## ORDER

AND NOW, this _____ day of _____, 2012, upon consideration of the Motion to Dismiss of defendant Liberty Mutual Group under Federal Rule of Civil Procedure 12(b)(6) and in consideration of the plaintiff's response thereto, it is ORDERED that the motion is GRANTED and Count II of plaintiff's Complaint is DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)2.

BY THE COURT:

_____
J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CATHERINE FALLON                     :
                                     :
vs.                                  :
                                     :
LIBERTY MUTUAL GROUP                 :        NO. 2:12-cv-05459
                                     :

## LIBERTY MUTUAL GROUP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)

AND NOW comes Defendant Liberty Mutual Group (hereinafter "Liberty" or "defendant") by and through its attorneys, Bennett, Bricklin & Saltzburg, LLC, and move this Honorable Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for dismissal of plaintiff's Complaint.

1.      Plaintiff, Catherine Fallon (hereinafter "Fallon"), filed the instant action on or about August 23, 2012 in Delaware County Court of Common Pleas against defendant alleging breach of Contract (Count I), negligence (Count II) and bad faith (Count III). See Exhibit "A" for a true and correct copy of plaintiff's complaint. Defendant timely removed the action on September 25, 2012 to Federal Court.

2.      The underlying lawsuit as alleged in the Complaint arises out of defendant's handling of a property damage claim to plaintiff's property located at 295 Glen Riddle Road in Media, Pennsylvania for a loss that occurred on or about August 28, 2011. See Exhibit "A".

3.      In general, plaintiff alleges in the complaint that the defendant unreasonably denied plaintiff benefits that were covered under the subject homeowner's policy and improperly investigated the underlying loss.  See plaintiff's Complaint. See Exhibit "A".

1

**<u>Count II (Negligence) of the Complaint must be Dismissed</u>**
**<u>under F.R.C.P. 12(b)(6) and "Gist of the Doctrine Action"</u>**

4.      Count II of plaintiff's complaint asserts a claim of negligence against Liberty.

5.      Pennsylvania Courts have held that "under Pennsylvania law tort claims allegedly committed in the course of carrying out a contractual agreement are to be dismissed if the 'gist' of them sound in contract instead of tort." <u>Quorum Health Resources, Inc. vs. Carbon-Schuylkill Community Hospital</u>, 49 F. Supp. 2d 430, 432 (E.D. Pa. 1999) (citing, *inter alia* <u>Redevelopment Authority. of Cambria County vs. International Insurance Co.</u>, 685 A.2d 581, 590 (Pa. Super 1996)).

6.      Such tort claims are maintainable only if the contract is collateral to conduct that is primarily tortious. <u>Id.</u> at 432.

7.      A contract may not be converted into a tort action simply by alleging that the conduct in question was done negligently. <u>Kojeszewski vs. Infinity Insurance Co.</u>, 2006 W.L. 314, 3445 (M.D. Pa.).

8.      The Gist of the Action Doctrine is applied to maintain the conceptual distinction between the theories of breach of contract and the tort preventing the plaintiff from recasting ordinary breach of contract claims as tort claims. <u>Etoll, Inc. vs. Elias/Savion Advertising, Inc.</u>, 811 A.2d 10, 19 (Pa. Super. 2002).

9.      In order to bring a negligence claim against defendant, a plaintiff must assert that the defendant owed them some duty imposed by law as a matter of public policy. <u>Id.</u>

10.     Insurers do not have a general affirmative social duty to provide insurance coverage to members of the public.  Thus, any duty breached by a defendant insurer must arise out of an insurance contract between it and the plaintiff.  Id. at 3.

11.     A fair reading of Count II of the plaintiff's complaint reveals that the "gist" of plaintiff's negligence action is based on the alleged breach and/or violations of the State Farm homeowner's policy at issue.

12.     As Count II (Negligence) of plaintiff's complaint is merely an attempt by plaintiff to recast a breach of contract claim as a common law negligence claim, it must be dismissed pursuant to the "Gist of the Action" Doctrine and F.R.C.P. 12(b)(6).

**WHEREFORE,** Defendant, Liberty Mutual Group, respectfully requests that this Honorable Court dismiss Count II of plaintiff's complaint pursuant to F.R.C.P. 12(b)(6).

**Respectfully Submitted,**

**BENNETT, BRICKLIN & SALTZBURG, LLC**

BY:     _____
**LILY K. HUFFMAN, ESQUIRE**
**Attorney I.D. No. 200562**
**carlos@bbs-law.com**
**1601 MARKET STREET, 16TH FLOOR**
**PHILADELPHIA, PA 19103-2393**
**(215) 561-4300**
**Attorney for Defendant,**
**Liberty Mutual Group**

3

## IN THE UNITED STATES DISTRICT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

CATHERINE FALLON         :

                                  :

vs.                           :

                                  :

LIBERTY MUTUAL GROUP     :     NO.  2:12-cv-05459

                                  :

## BRIEF IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE

**I.     FACTS**

      This is a civil action now pending in this Honorable Court, having been removed by defendant on or about September 25, 2012.  Removal was predicated upon defendant's averment that this Court has jurisdiction pursuant to 28 U.S.C. §1332 as the parties are diverse and the amount in controversy exceeds the amount of $75,000.  As defendant removed this matter on September 25, 2012, this motion is timely under Fed.R.Civ.P. 81(c)2 as it is being filed within seven (7) days of the removal.

      Plaintiff, Catherine Fallon (hereinafter "Fallon"), filed the instant action on or about August 23, 2012 in Delaware County Court of Common Pleas against defendant alleging breach of Contract (Count I), negligence (Count II) and bad faith (Count III). The underlying lawsuit as alleged in the Complaint arises out of defendant's handling of a property damage claim to plaintiff's property located at 295 Glen Riddle Road in Media, Pennsylvania for a loss that occurred on or about August 28, 2011.  In general, plaintiff alleges in the complaint that the defendant unreasonably denied plaintiff benefits that were covered under the subject homeowner's policy and improperly investigated the underlying loss.  See plaintiff's Complaint, Exhibit "A".

## II.   STANDARD FOR MOTION TO DISMISS AND MOTION TO STRIKE

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of an action or a claim, and may be granted only where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Freedom Properties, L.P. v. Lansdale Warehouse Co. Inc., 2007 WL 2254422, 2 (E.D.Pa. 2007) (citing Carino v. Stefan, 376 F.3d 156, 159 (3rd Cir. 2004)).  Under Rule 12(b)(6) all well pled facts in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  Schrob v. Catterson, 948 F.2d 1402 (3rd Cir. 1991).  Courts are not required, however, to credit bald or conclusory assertions, or to give weight to legal conclusions contained in the complaint, when considering a Rule 12(b)(6) motion.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3rd Cir. 1997); Freedom Properties, 2007 WL 2254422, 2.

Moreover, under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This Rule 8 requirement involves more than just notice pleading, and as recently explicated by the Supreme Court of the United States:  "to survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (U.S. 2009) (citation omitted).  A pleading that offers labels and conclusions or formulaic recitations of the elements of a cause of action will not meet the requirements of Rule 8, and is subject to dismissal by motion under Rule 12(b)(6).  Id.

Insofar as motions to strike are concerned, Fed.R.Civ.P. 12(f) permits the court, on its own motion or on the timely motion of a party, to strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Tennis v. Ford Motor Co., 730 F.Supp.2d

437 (W.D.Pa. 2010), citing, Adams v. Cnty. of Erie, Pa., 2009 WL 4016636 at *1 (W.D.Pa. Nov. 19, 2009). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Sartoris v. State Farm Mut. Auto. Ins. Co., 2011 WL 780164 at *2 (W.D.Pa. 2011), citing, Tennis v. Ford Motor Co., id. (internal citations omitted).

## III.   ARGUMENT

### A.   COUNT II (NEGLIGENCE) OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED  PURSUANT TO THE "GIST OF THE ACTION" DOCTRINE. BECAUSE COUNT II OF PLAINTIFF'S COMPLAINT IS MERELY AN ATTEMPT BY PLAINTIFF TO RECAST HER BREACH OF CONTRACT CLAIM

Plaintiff alleges that defendant was negligent by failing to carry out the terms of the policy as a reasonably prudent person would have done.  See count II of plaintiff's Complaint, paragraph 38. Indeed, paragraph 38 states "Any party to a contract, while performing services according to the terms of the contract, has a duty to exercise the care that a reasonably prudent person would exercise in like circumstances."

Pennsylvania courts have held that "under Pennsylvania law tort claims allegedly committed in the course of carrying out a contractual agreement are dismissible if the "gist" of them sound in contract instead or tort." Quorum Health Resources, Inc. V. Carbon-Schuylkill Community Hospital, 49 F.Supp.2d 430, 432 (E.D.Pa. 1999) (citing, inter alia, Redevelopment Auth. of Cambria County v. International Ins. Co., 685 A.2d 581, 590 (Pa.Super. 1996)). In Quorum, a management company brought a breach of contract action against a medical center. Quorum Health Resources, 49 F.Supp. 2d at 431.  The medical center answered the complaint and brought various counterclaims against the management company including a negligence counterclaim. Id.  Quorum Health Resources, the plaintiff, argued that the defendant's negligence

3

claim should be dismissed under the "gist of the action" doctrine. Id.

This court held that such tort claims are maintainable only if the contract is collateral to conduct that is primarily tortious. Id. at 432. The court further held that claims sound in contract if they arise from the "breach of duties imposed by mutual consensus." Id. (citing Phico Ins. Co. v. Presbyterian Medical Serv. Corp., 444 Pa. Super. 22, 663 A.2d 753, 757 (1995)). The court agreed with Quorum Health Resources and held that the "gist" of the defendant's negligence counterclaim sounded in contract. Id. The court held that although the defendant attempted to characterize its negligence claim as a breach of fiduciary duty, the facts alleged in the claim were no different from those alleged in the breach of contract claim by the plaintiff. Id. The negligence counterclaim was dismissed by the court. Id. at 432.

A fair reading of Count II of plaintiff's Complaint reveals that the "gist" of plaintiff's negligence action is based on the alleged breach and/or violations of the provisions of the Liberty insurance policy at issue. In fact, the first paragraph of the Complaint specifically states that the negligence count arises out of defendant's failure to carry out the terms of the contract as a reasonably prudent person would have done. As such, Count II (Negligence) of Plaintiff's Complaint is merely an attempt by plaintiff to recast her breach of contract claim as a common law negligence claim. Therefore, plaintiff's negligence count must be dismissed pursuant to the "gist of the action" doctrine and Pa.R.C.P. 1028(a)(4).

## IV.   CONCLUSION

For the reasons stated herein, defendant requests relief as outlined above and in the accompanying order.

RESPECTFULLY SUBMITTED,
**BENNETT, BRICKLIN & SALTZBURG LLC**

BY:

LILY K. HUFFMAN, ESQUIRE
PA I.D. No. 200562
huffman@bbs-law.com
1601 Market Street, 16th Fl.
Philadelphia, PA 19103
(215) 561-4300 - Tel.
(215) 561-6661 - Fax
Attorneys for Defendant

## <u>VERIFICATION</u>

I, Lily K. Huffman, Esquire, hereby verify that I am the attorney for the within named defendant in the above-captioned action and that the facts set forth in the foregoing Motion to Dismiss are true and correct to the best of my knowledge, information and belief.  I understand that false statements made herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

By: _____

**LILY K. HUFFMAN, ESQUIRE**
**Attorney for Defendant,**
**Liberty Mutual Group**

DATE: _9/27/12_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CATHERINE FALLON | : | |
| | : | |
| vs. | : | |
| | : | |
| LIBERTY MUTUAL GROUP | : | NO. 2:12-cv-05459 |
| | : | |

### CERTIFICATE OF SERVICE

Lily K. Huffman, Esquire, after being first duly sworn upon oath, deposes and says that she is an attorney at Bennett, Bricklin & Saltzburg LLC, attorneys for the defendant, Liberty Mutual Group, and that she did serve this day the within Motion and Memorandum upon counsel of record named below by filing said Motion and Memorandum electronically which is available for viewing and downloading from the Electronic Case Filing system which constitutes service upon the following counsel of record and by way of United States Regular First Class Mail, postage prepaid, addressed as follows:

Robert P. Gasparro, Esquire
Lifespan Legal Services, LLC
P.O. Box 8321
Philadelphia, PA 19101

BENNETT, BRICKLIN & SALTZBURG LLP

BY: _____
LILY K. HUFFMAN, ESQUIRE
Attorney I.D. No. 200562
huffman@bbs-law.com
1601 MARKET STREET, 16TH FLOOR
PHILADELPHIA, PA 19103-2393
(215) 561-4300
Attorney for Defendant,
Liberty Mutual Group

Dated: 9/27/12

4

# EXHIBIT "A"

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Delaware _____ County.

| For Prothonotary Use Only: | |
|---|---|
| Docket No: *12-7252* | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

| Commencement of Action: | |
|---|---|
| ☒ Complaint      ☐ Writ of Summons | ☐ Petition |
| ☐ Transfer from Another Jurisdiction | ☐ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Catherine Fallon | Liberty Mutual Group |

| Are money damages requested? ☒ Yes    ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits<br>☒ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit?*  ☐ Yes  ☒ No | Is this an *MDJ Appeal?*  ☐ Yes  ☐ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: _____

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☒ Other:
  Negligence

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____

- ☒ Other:
  Insurance Contract

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other:
  Insurance Company Bad Faith

*Updated 1/1/2011*

**IN THE COURT OF COMMON PLEAS**
**OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

Catherine Fallon
Plaintiff

                                                    Case No.:   12 - 7252

v.

Liberty Mutual Group
Defendant

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by and attorney and filing in writing wit the court your defenses or objections to the claims set fort against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyers' Referral Service
Front and Lemon Streets
Media, PA 19063
(610) 566-6625

In the Court of Common Pleas of
Delaware County, Pennsylvania

Catherine Fallon                    :
295 Glen Riddle Road                :
Media PA 19063                      :
                                    :    No: 12-7252
          v.                        :
                                    :
                                    :
Liberty Mutual Insurance            :
Group                               :
21 S. Clinton Street                :
Doylestown, PA 18901                :
                                    :

## COMPLAINT

### FACTS

1. Catherine Fallon is a Homeowner with a residence located at 295 Glen Riddle Road, Media, PA

2. Liberty Mutual Group, 21 S. Clinton Street, Doylestown PA, also hereinafter referred to as "Liberty Mutual", is a company who sold Catherine Fallon Policy number 1136-288-274847-401, effective May 1, 2011.

3. Catherine Fallon maintained a continuing business relationship with Liberty Mutual. As part of that relationship, she renewed her homeowner's insurance policy on May 1, 2011.

4. On August 28, 2011, during a period of high winds, a tree fell upon Catherine Fallons home at 295 Glen Riddle Road, Media PA.

5. Catherine Fallon filed a claim under her Liberty Mutual Homeowner's Insurance Policy.

6. As the winds were related to a hurricane event, the claim was assigned to Liberty Mutual Catastrophe Unit located in Marietta , GA.

7. Although Catherine Fallon's policy provides that someone would appear within 24 hours to make emergency repairs, it was not until nearly a month later, on September 27, 2011, that Liberty Mutual insurance sent an adjuster to the property.

8. Catherine Fallon also obtained the services of an independent Adjuster located in Croydon, Pennsylvania, who measured the damages at approximately $28,507.

9. The Liberty Mutual adjuster, who appeared a month after the loss, submitted an estimate that the repairs could be completed for $5639.05

10. Ms. Fallon and the independent adjuster requested a second inspection.

11. On January 6, 2012 a second adjuster submitted an estimate in the amount of $8954.22.

12. On February 2, 2012, Ms. Fallon received an estimate from C. Kelly Roofing, for $11,800. in repairs for the roof alone.

13. Liberty Mutual Insurance Co. issued two checks: The first check was in the amount of $6653.56. and the Second check in the amount of $2059.78. Both these checks were made payable to Action Adjustment (the independent insurance adjuster retained by Ms. Fallon) and Catherine Fallon.

14. The mortgage company was not named as an additional payee in any of these checks, nor did Liberty Mutual state that they needed to be added as payee.

15. Action Adjustment, unable to reach a resolution with Liberty Mutual Insurance company, suggested in a letter dated February 10, 2012, a third inspection and that if that did not prove successful, that Catherine Fallon obtain the services of an attorney (though not the same attorney she retained).

16. At the same time Action Adjustment withdrew, Liberty Mutual Insurance Company was requested by all the parties to void the previous un-deposited checks and issue one substitute check to Catherine Fallon

17. During the course of these negotiations the condition of the house worsened.

18. On April 18, 2012, a third inspection was performed by a local adjuster of Liberty Mutual. The estimated amount of the claim was determined to be $11,303.

19. Although the estimated amount of the repairs was approximately $500. less than the estimate provided on February 2, 2012 by Kelly Roofing for the roof alone, Ms. Fallon was willing to accept that payment because the damage to her home was getting greater with each passing day, particularly when it rained or snowed.

20. Although Liberty Mutual was advised that Action Adjustment was no longer involved in the claim, and although they

received a letter from them stating they were no longer involved, Liberty Mutual sent a check in April 2012, eight months after the date of the loss, for approximately $2,000. to Ms. Fallon payable to Action Adjustment, Beneficial Bank (mortgage holder) and Catherine Fallon.

21. Liberty Mutual was advised that the checks were incorrect in that Action Adjustment was no longer involved in the claim. Although they were advised by mail and FAX and telephone, there was no response.

22. The local agent was asked why the mortgage company was added as payee in the most recent check when that was not done in previous checks. He cited a paragraph in the insurance policy which stated that there was a need to protect a mortgagee's interest.

23. Although no mention was made in the insurance policy, Liberty Mutual stated that the name of the mortgage company is added for any check over $10,000.

24. When asked why this was waived in previous checks, and where in the policy there is stated to be a $10,000. cutoff or threshold, there was no answer. There was no answer when requested to obtain a decision from their legal department and contact Ms. Fallon's attorney.

25. Even had Ms. Fallon been willing to obtain an endorsement from her mortgage holder, the check was still not made out to the correct parties because Action Adjustment was no

longer involved in the matter and had put Liberty Notice on notice of that fact.

26. The house continued to deteriorate to the date of the filing of this complaint.

### COUNT I VIOLATION OF CONTRACTUAL DUTY OF FAIR DEALING

27. Every contract imposes on each party a duty of fair dealing with the other.

28. The insurance binder presented to Catherine Fallon dated May 1, 2011 constituted a valid contract

29. Every contract imposes on each party, a duty to refrain from taking action that would render the performance of the contract impossible his or her acts. Additionally, every contract also imposes on each party a duty to do everything the contract presupposes that the parties will do to accomplish the purposes of the contract.

30. A party to a contract breaches this duty by failing to cooperate with the other party in the performance of the contract.

31. A party who breaches this aforementioned obligation is liable for all damages proximately resulting from the conduct.

32. It was essential to the completion of the insurance contract in the instant case, that the insurance company, after arriving at an estimate of damages, present the insured with a check to purchase the materials and services needed to complete the repairs.

From:Liberty Mutual Group          2153401118          09/10/2012 14:51     #049 P.009/014

33. Liberty Mutual Insurance Company breached this contractual obligation in the following manner: (a) Failing to provide the insured with a check which could be cashed (containing the correct endorsements); (b) Failing to promptly process the insured's claim. The roof remained open and there was an exponential increase in damage including mold and interior damage during the time the insured was waiting for a company adjuster to present her with a legitimate measure of damages; (c) Failing to provide an accurate estimate of damages so that the roof could be repaired in a safe and secure manner; (d) Failing to send someone to Catherine Fallon's home within 24 hours to protect it from further damage.

34. It was reasonably foreseeable that a hole in the roof would result in substantial damages to the insured's dwelling.

35. Catherine Fallon's insurance policy promised 24 Hour Emergency Home Repair to protect from further damage, and she was not given that service.

36. Catherine Fallon's insurance policy provides an arbitration clause if the amount of the claim cannot be agreed upon. Liberty Mutual has never called for action under that clause. They agree that the first estimate was incorrect and have simply delayed with subsequent inspections and estimates.

37. Liberty Mutual Insurance Company has stated to Catherine Fallon that in claims below $10,000. a mortgagee does not need to be added as payee on a check, but in claims above that amount

they must be added as payee. That condition does not appear anywhere in the insurance contract and insurance contracts are construed against the drafter of the policy.

### COUNT II NEGLIGENCE

38. Any party to a contract, while performing services according to the terms of that contract, has a duty to exercise the care that a reasonably prudent person would exercise in like circumstances.

39. Liberty Mutual Insurance Company owed a duty of care to its insured when undertaking to process the claim and reimburse the insured for damages to her home.

40. Liberty Mutual Insurance Company breached that duty of care by: (a) Failing to provide the insured with a check which could be cashed (containing the correct endorsements); (b) Failing to promptly process the insured's claim. The roof remained open and there was an exponential increase in damage including mold and interior damage during the time the insured was waiting for a company adjuster to present her with a legitimate measure of damages; (c) Failing to provide an accurate estimate of damages so that the roof could be repaired in a safe and secure manner.

41. The standard of care imposed upon Liberty Mutual Insurance Company is to competently assist and insured to resolve a claim under the policy. It is averred, on information and

belief, that most insurance claims involving roof damaged our resolved in less time than one year.

42. Although sincere in it's attempt to resolve this claim, a reasonable person would have realized that the damages increased exponentially with time. Therefore, Liberty Mutual would have had inspections completed much earlier.

43. A reasonable person would have changed the payees on the settlement check much sooner than the six months it has taken Liberty Mutual Insurance to do so. As of the date of this complaint, Catherine Fallon has still not received a properly endorsed check for the full amount of the loss.

44. Liberty Mutual Insurance Companies' actions were a proximate cause of increased damage to Ms. Fallon's home.

## COUNT III INSURANCE BAD FAITH

45. 42 Pa.C.S.A. §8371 states that if a court finds that an insurance company has acted in bad faith toward its insured, a court may take all of the following actions: 1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; 2) Award punitive damages against the insurer; 3) Assess court costs and attorney fees against the insurer.

46. Although the statute does not define "bad faith" courts have held that it involves "evasion of the spirit of the bargain,

From:Liberty Mutual Group          2153401118          09/10/2012 14:52     #049 P.012/014

lack of diligence and sloughing off, willful rendering of imperfect performance, abuse of power to specify terms, or interference with or failure to cooperate in the other party's performance" *Somers v. Somers* 613 A.2d 1211 (Pa. Super 1992), *Williams v. Nationwide Mutual Insurance Co.* 750 A. 2d 881 (Pa. Super 2000).

47. Courts have held that although delay in payment in itself is not indicative of bad faith, they do look to the degree to which the insurer knew it had no basis to deny payment. *Kosierowski v. Allstate Insurance Co.* 51 F.Supp 2d 583 (E.D. Pa. 1999).

**Wherefore**, Catherine Fallon Demands full compensation for her loss, damages, attorney fees and punitive damages and whatever other relief this court deems proper.

Robert P. Gasparro
Identification No. 58358
Lifespan Legal Services, LLC.
P.O. Box 8321
Philadelphia, PA 19101-8321
Telephone (484) 451-6612
FAX 1-888-829-2528

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

## CIVIL DIVISION

Catherine Fallon                NO. 12-7252

vs.

Liberty Mutual Group

## VERIFICATION

I verify that the statements made in this __Complaint__

are true and correct to the best of my knowledge, information, and belief. I understand

that false statements made herein are subject to the penalties of 18 PA. C.S. Subsection

4904, relating to unsworn falsification to authorities.

Date: 8·23-12                    _Catherine Fallon_

From:Liberty Mutual Group       2153401118          09/10/2012 14:52       #049 P.014/014



LIBERTY MUTUAL GROUP
21 S. CLINTON STREET
DOYLESTOWN PA 18901
800-869-4009

NOVEMBER 3, 2011

CATHERINE FALLON
295 GLEN RIDDLE RD
MEDIA PA 19063-5810

RE: H36-288-274847-401
**Policy Effective:** 05-01-11

Thank you for participating in Group Savings Plus® and for choosing Liberty Mutual as your insurer. We really appreciate your business and we'll work as hard as we can to keep it. We are sending along your duplicate insurance policy, as you requested, which outlines our commitment to you.

Your homeowners policy comes with many benefits and services, some of which include:

- **24-Hour Claims Reporting :** You can call us with your claims information anytime, 24 hours a day, 7 days a week at 800-2-CLAIMS (800-225-2467).  You can also report your claim online at www.libertymutual.com lm insurance.

- **24-Hour Homeowner Emergency Home Repair :** We'll send someone to your home at any time of day or night in the event that you have a covered loss that needs to be protected from further damage.*

- **eService :** Managing your policy online is easy! With a Liberty Mutual online account, you choose when and how you want to do business with us.  You can pay your bill, view policy information, make policy changes and even report and track claims with your online account.  Visit www.libertymutual.com lm insurance and sign up today.

- **Personal Property Inventory Program :** Conducting a home inventory before a loss occurs is important and will help expedite the claims process.  We make it easy with our three-step online program available to you free on our website.

- **Contractor Network Referral Program :** Through this network, we can arrange for a contractor to contact you, prepare an estimate, and complete repairs, which are guaranteed for one year.*

- **Personal Property Replacement Service :** Drawing from a database of hundreds of thousands of items, we can locate the exact items you lost, or the closest match, and ship them to you within 48 hours. *^

- **Safety Materials :** We are pleased to provide our customers with safety information, including:
    - *Liberty Lines*, our magazine that provides safety tips for you and your family
    - Brochures, videos, and safety tips available online and by calling your insurance representative

- **Liberty Mutual Solutions :** Through our website, www.libertymutual.com lm insurance, you have access to an online resource center of valuable articles, quizzes and calculators to help you with life's big decisions as well as auto-, home-, and family-related discounts from nationally known companies.

- **Loss Forgiveness :** As a special thank you to customers who have been insured with us for five or more years without a reported loss, we will waive the surcharge on your first future loss. To determine eligibility for this benefit, we will make your first-year of insurance with Liberty Mutual equal to the first-year of insurance of your previous policy.  This benefit reflects the value we place on our long-term customers.

- **Convenient Billing Options :** We offer several convenient billing options including automatic payment withdrawal and online bill payment to best fit your needs.

**Helping People Live Safer, More Secure Lives**